# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,               :       Case No. 3:07-cr-070
                                              Also Case No. 3:08-cv-415

                                               District Judge Walter Herbert Rice
      -vs-                             Magistrate Judge Michael R. Merz
                                    :

ARTHUR L. VANWINKLE,

      Defendant.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant's Objections (Doc. No. 33) to the Magistrate Judge's Report and Recommendations (Doc. No. 32) recommending that the Defendant's § 2255 Motion be denied with prejudice because all of the claims raised therein could have been, but were not, raised on direct appeal. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

In his Objections, Defendant seeks to excuse his failure to present his claims on direct appeal by claiming he suffered from ineffective assistance of his attorney. Specifically, he contends his attorney did not advise him that he could appeal from a breach of the plea agreement without seeking to set the plea agreement aside.

Defendant pleads three Grounds for Relief:

> **Ground One:** The plea agreement was breech [sic] by the United States Government which increased my sentence illegally. This is not a withdrawal of plea. I am guilty 100%.

> **Supporting Facts:** Petitioner is "not" attempting to withdraw his plea, he is in fact guilty 100% of what he plea [sic] out too [sic]. But the government breeched [sic] the plea deal by finding facts "outside" the plea agreement. Which increased the Petitioner legal sentence by more than double in violation of law in *Booker/FanFan* Supreme Court case law.
>
> **Ground Two:** The leadership role enhancement and the (10) level enhancement for amount of loss is legally incorrect.
>
> **Supporting Facts:** Petitioner did not plea agree in plea agreement to amount of loss. The Probation Department, police officer, and prosecutors found amount of loss outside the plea agreement, in violation of *Booker/FanFan* Supreme Court caselaw.
>
> **Ground Three:** Forfeiture of Petitioner's property was illegally done and void as a matter of law.
>
> **Supporting Facts:** Petitioner indictment contains no forfeiture count from a Grand Jury, nor did the plea agreement. Hence, Petitioner did not agree to any forfeiture of property. Legally forfeiture is void but morally/spiritually Petitioner will agree to the forfeiture as explained in attached brief as his [sic] is in fact guilty.

(Motion, Doc. No. 30, at 5.)

Ineffective assistance of counsel can serve to excuse a procedural default such as failing to raise an issue on appeal. *Murray v. Carrier,* 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). The governing standard for effective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the

result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct 2464, 91 L. Ed. 2d 144 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

The Magistrate Judge will assume, for the sake of argument and for purposes of the present Report only, that (1) a criminal defendant may appeal a Government breach of a plea agreement without withdrawing the plea, and (2) that failure of a defense attorney to advise a client of that right would constitute deficient performance by the lawyer. There remains the question whether there is any breach of the Plea Agreement shown here.

The Plea Agreement provides in relevant part:

> ¶ 1 The maximum statutory penalty that defendant Arthur L. Vanwinkle is subject to pursuant to his plea of guilty on Count 1 of the Indictment is imprisonment for a period of up

to 5 years, a fine of $250,000, supervised release for a period of up to 3 years and payment of a $100 special assessment for the Clerk of Court as required by 18 U.S.C. § 3013. The maximum statutory penalty that defendant Arthur L. Vanwinkle is subject to pursuant to his plea of guilty on Count 2 of the Indictment is imprisonment for a period of up to 15 years, a fine of $250,000, supervised release for a period of up to 5 years and payment of a $100 special assessment for the Clerk of Court as required by 18 U.S.C. § 3013.

¶ 4   The defendant is further aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for offenses to which the defendant pleads guilty.

¶ 6   The defendant further understands that the matter of sentencing if reserved solely to the Court's discretion. As a result, the Court could lawfully impose the maximum statutory penalty.

¶ 9   By signing this document, the defendant acknowledges the truthfulness of the attached Statement of Facts.

¶ 11.  The parties to this plea agreement respectfully stipulate and recommend to the Court that the following facts should be accepted by the Court for U.S.S.G. purposes: pursuant to § 2B1.1(b)(1) the calculated loss for sentencing purposes falls between $0 and $399,000; pursuant to § 2B1.1(b)(2)(B) there were not more than 49 victims; and pursuant to § 2B1.1(b)(13) the defendant did not receive in excess of $1 million in gross receipts. The defendant consents to the Court determining by a preponderance of any reliable evidence including hearsay, all aspects of the defendant's sentence. The defendant will be entitled to request an evidentiary hearing to assist the Court to more definitively determine the loss pursuant to § 2B1.1(b)(1).

¶ 12   This written Plea Agreement embodies all of the agreements and understandings reached between the United States Attorney for the Southern District of Ohio and the defendant. No extraneous conversations, discussions, understandings, or other documents shall be considered part of this Agreement.

(Doc. No. 17.)

Defendant has shown no breach of the Plea Agreement. In the Agreement, he agreed that

the Court could properly find the facts necessary for sentencing by a preponderance of any reliable evidence, including hearsay. The Presentence Investigation Report in the case concluded there was probative evidence of loss of $141, 692 from Lowe's alone, involving thefts in 101 different stores in six different States (PSI Report at ¶ 19.) That clearly places Defendant in the level of loss which properly resulted in a ten-level increase under the Sentencing Guidelines. Furthermore, the PSI reported facts on which it could readily be found that Defendant played a leadership role in the crimes, particularly that Defendant directed the activities of the co-conspirators and sold fraudulent UPC labels to one of the co-conspirators for his own use (See PSI Report at ¶ 34). The Report also indicates that it was shared in draft form with defendant and his attorney, and no objections were made.

Defendant now admits he was responsible for $119, 462 in loss, but not the higher amount. He also says he was "broadsided" when he saw the two-level enhancement for a leadership role in the PSI, but does not say why the facts stated in the PSI in support of that finding are untrue. Instead, he claims that both the loss amount enhancement and the leadership role enhancement are void under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). He believes *Booker* requires that any fact which increases a sentence must be admitted or proven to a jury beyond a reasonable doubt.

However, *Booker* does not invalidate the judicial fact-finding necessary to calculate an advisory Guideline sentence. The Sixth Circuit has held:

> Although *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), rendered the Sentencing Guidelines advisory rather than mandatory, "*Booker* did not eliminate judicial fact-finding." *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005). "[T]his court and others have repeatedly held since *Booker* that district judges can find the facts necessary to calculate the appropriate Guidelines range using the same preponderance-of-the-evidence standard that governed prior to *Booker*." *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006); see also *Rita v. United States*, 127 S. Ct. 2456, 2465-66, 168

5

> L. Ed. 2d 203 (2007) ("This Court's Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence."); *United States v. Cook*, 453 F.3d 775, 777 (6th Cir. 2006) ("Because the guidelines are now advisory and not mandatory, a District Court may rely on extra-verdict facts or on those other than which the defendant has specifically admitted when it calculates [the defendant's] sentence.")

*United States v. Maken,* 2007 U.S. App. LEXIS 29793 (6th Cir. 2007). "[J]udicial fact-finding in sentencing proceedings using a preponderance of the evidence standard post-*Booker* does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury." *United States v. Gates*, 461 F.3d 703, 708 (6th Cir.2006). Importantly, Defendant agreed in the Plea Agreement to fact-finding by a preponderance of the evidence and none of the facts Judge Rice found in imposing sentence increased the sentence beyond the statutory maximum (five years for Count One, fifteen years for Count Two).

Because there was evidence from which Judge Rice could have and did find by a preponderance that the loss level was above $120,000 and Mr. VanWinkle played a leadership role, the Government in no way breached the Plea Agreement. Thus there cannot have been any ineffective assistance of counsel in failing to advise him that he could appeal a breach – there was no breach to appeal.

While a defendant can properly make a claim of ineffective assistance of counsel in a § 2255 Motion to excuse a procedural default, Defendant here has made no actual showing of ineffective assistance. His first two claims are therefore procedurally defaulted and, as demonstrated above, without merit.

Defendant's third claim relates to the forfeiture of property. Such a claim cannot be raised in a § 2255 proceeding, which is solely concerned \with whether a criminal defendant has been deprive of his liberty unconstitutionally.

**Conclusion**

It is therefore respectfully recommended that Defendant's first two claims be dismissed with prejudice both on the merits and as procedurally defaulted for failure to raise them on appeal. His third claim should be dismissed without prejudice because it does not state a claim upon which relief can be granted in a § 2255 proceeding. Because these conclusions would not be debatable among jurists of reason, Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

December 5, 2008.

                                                                         s/ **Michael R. Merz**
                                                                          United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).